1  SIOVHAN AYALA, ESQ.
   AZ BAR:  029415
2  AYALA LAW OFFICE, PC
   PO Box 18986
3  Tucson, Arizona 85731
4  Tel.: (520) 202-0391 Fax: (520) 202-0392
   Email: siovhansheridan@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvaro Fernando Garcia Rodriguez,<br><br>*Plaintiff*,<br><br>--against--<br><br>Chad Wolf, Acting Secretary of the U.S. Department of Homeland Security; Kenneth Cuccinelli, Director of U.S. Citizenship and Immigration Services; Julie M. Hashimoto, Field Office Director, Tucson Office, U.S. Citizenship and Immigration Service,<br><br>*Defendants*. | Case No.<br><br>Agency Number:  209-806-799<br><br>MSC 1991160340<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT AND WRIT OF MANDAMUS**<br><br>**ORAL ARGUMENT REQUESTED** |

**COMES NOW**, Plaintiff, Alvaro Fernando Garcia Rodriguez ("Petitioner Garcia"), brings this Complaint for Declaratory and Injunctive Relief and review of agency action under the Administrative Procedures Act.  Plaintiff, through undersigned counsel, alleges as follows:

**I.      INTRODUCTION**

1. Plaintiff is married to Nora Alina Figueroa, a U.S. Citizen.  Ms. Figueroa filed an I-130, Petition for Alien Relative for Mr. Garcia, which was approved on November 27, 2019.

2. Plaintiff was the victim of notary fraud by Elvira Contreras-Rodriguez.  Ms. Contreras-Rodriguez has been sentenced to 18 months in prison pursuant to case no. CR18-2001-TUC-JGZ (BPV).

3. As part of his cooperation with the investigation, Mr. Garcia was issued Deferred Action and Paroled into the United States by Immigration and Customs Enforcement, on April 4, 2018, and issued a valid I-94 card, valid until April 3, 2019.

4. Plaintiff applied for adjustment of status and permanent residency, form I-485 on June 11, 2019.  He attended an interview at U.S. Citizenship and Immigration Service on November 25, 2019.

5. On November 29, 2019, Defendants denied Mr. Garcia his adjustment of status application, indicating that Mr. Garcia was not admitted or paroled into the United States, despite the fact that he possesses a valid I-94, indicating that he was Paroled into the United States pursuant to a grant of Deferred Action.

6. The decision denying the I-485 application and failing to accept Plaintiff's I-94 card is unlawful.  Pursuant to INA § 245(a), 8 U.S.C. § 1255(a), an alien who is "admitted or paroled" into the United States will qualify for adjustment of status, if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a).

7. Mr. Garcia has no further remedies to pursue. Plaintiff seeks judicial review under the Administrative Procedure Act ("APA") of the denial of his I-485 Application and the failure to accept Plaintiff's I-94, and an order that the I-485 Application denial be reversed.

8. This civil action seeks judicial review and challenges Defendants' action in unlawfully making a determination of law against Plaintiff pursuant to 8 U.S.C. § 1255(a) and 8 C.F.R. § 245.1(a) and (b). *See Matter of Alarcon*, 20 I&N Dec. 557 (BIA 1992)(holding government is required to adjudicate an application consistent with governing laws).

9. The APA requires that administrative agencies not adjudicate matters presented to them in an "arbitrary" or "capricious" manner "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "without observance of procedure required by law," or where "unsupported by substantial evidence." 5 U.S.C. § 706(2).

10. This action seeks injunctive and declaratory relief to compel Defendants to withdraw the denial decision of the I-485 Application made against Plaintiff. This action also seeks injunctive and declaratory relief to compel Defendants to recognize as valid the I-94 Card (I-94 Number 78049243433) issued to Plaintiff by ICE. The APA provides that a person adversely affected by agency action be entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

11. Plaintiff seeks an order from this Honorable Court directing Defendants to complete all necessary steps to reverse the denial of the I-485 Application and declare valid the I-94 Cards issued on April 4, 2018 within fourteen (14) days from an Order of this Court.

12. Plaintiff is entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## II.    JURISDICTION

13. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) ("INA"); and (2) 28 U.S.C. §1361 (Mandamus Act). This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III.    VENUE

14. Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

    a. Defendant USCIS is an agency of the United States and resides in the District of Arizona, while they are headquartered in Washington DC;

    b. Defendant Kenneth Cuccinelli is an officer and the Acting Director of USCIS, which is headquartered in the District of Columbia and operates in the District of Arizona;

    c. Defendant Julie Hashimoto is an officer of USCIS and the Tucson Field Office Director of USCIS and who operates in the District of Arizona. She is the Acting Field Office Director of the Tucson Field Office of USCIS. Defendant Hashimoto is responsible for the interview and examination that was conducted of Plaintiff regarding his I-485 Application eligibility that was the basis for issuance of the November 29, 2019 decision challenged herewith. Defendant Hashimoto is subject to the discretion of Defendants Cuccinelli and resides, for the purposes of

4

venue, within the District of Arizona.

### IV.     PARTIES

15. Plaintiff, Alvaro Fernando Garcia Rodriguez, is married to Nora Figueroa and the beneficiary of an approved I-130.  He resides at 319 S. 44th St., Apt. #A, Tucson, Arizona 85713.

16. Defendant, Chad Wolf, is the Acting Secretary of the U.S. Department of Homeland Security ("DHS"), the federal agency responsible for enforcing Petitioner's denial of his I-485, adjustment process.  DHS's address is U.S. Department of Homeland Security, Washington, DC 20528.

17. Defendant, Kenneth Cuccinelli, is the Director of U.S. Citizenship and Immigration Services, the federal agency responsible for adjudicating Petitioner's adjustment application.

18. Defendant Julie Hashimoto is an officer of USCIS and the Tucson Field Office Director of USCIS and who operates in the District of Arizona. She is the Acting Field Office Director of the Tucson Field Office of USCIS. Defendant Hashimoto is responsible the denial of Plaintiff's I-485.

### V.     FACTS GIVING RISE TO THE COMPLAINT

19. Plaintiff is married to Nora Alina Figueroa, a U.S. Citizen.  Ms. Figueroa filed an I-130, Petition for Alien Relative for Mr. Garcia, which was approved on November 27, 2019.

20. Plaintiff was the victim of notary fraud by Elvira Contreras-Rodriguez.  Ms. Contreras-Rodriguez has been sentenced to 18 months in prison pursuant to case no. CR18-2001-TUC-JGZ (BPV).

21. As part of his cooperation with the investigation, Mr. Garcia was issued Deferred Action and "Paroled" into the United States by Immigration and Customs Enforcement, on April 4, 2018, and issued a valid I-94 card, valid until April 3, 2019.

22. Plaintiff applied for adjustment of status and permanent residency, form I-485 on June 11, 2019.  He attended an interview at U.S. Citizenship and Immigration Service on November 25, 2019.  On November 29, 2019, Defendants denied Mr. Garcia his adjustment of status application, indicating that Mr. Garcia was not admitted or paroled into the United States, despite the fact that he possesses a valid I-94, indicating that he was Paroled into the United States pursuant to a grant of Deferred Action.

23. The courts apply a "presumption of regularity" to agency action, which an agency will usually defend unless it seeks to subject itself to judicial scrutiny and review. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971).

24. The denial of Plaintiff's I-485 Application was unlawful and in violation of the INA.

25. The denial of Plaintiff's I-485 Application and its conclusions of law are inconsistent with the previous determinations made by Defendants.

## VI.  IRREPARABLE INJURY

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Plaintiff will suffer irreparable injury if Mr. Garcia's adjustment of status application is not returned to pending status to be adjudicated consistent with the law.

28. Plaintiff acted in detrimental reliance and in cooperation with the Department of Justice.  He is unable to work, obtain employment, or qualify for promotions. His family unity is endangered and his parental participation in common activities is also

jeopardized.  Because intangible injuries generally lack an adequate legal remedy "intangible injuries [may] qualify as irreparable harm." *Rent-A-Ctr. v. Canyon Television and Appliance Rental Inc.,* 944 F.2d 597, 603 (9th Cir. 1991); *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1058 (9th Cir. 2014).

### VII.  EXHUASTION OF ADMINISTRATIVE REMEDIES

29. Plaintiff incorporates by reference all preceding paragraphs as if fully set  forth herein.

30. Plaintiff has exhausted all of their administrative remedies.  There are no further administrative remedies that Plaintiff seeks.

### VIII. CAUSES OF ACTION

### Count 1

### (Denial of I-485 Application is Unlawful)

31.      Plaintiff incorporates by reference all prior paragraphs, as though fully set forth herein.

32.     Plaintiff has the right to review of the agency decision under 28 U.S.C. §1331 and 5 U.S.C. §702.

33.     The decision of USCIS to deny the I-485 Application filed by Mr. Garcia violates 8 U.S.C. §1255(a), and the Due Process Clause of the U.S. Constitution.

34.     The decision of USCIS to deny the I-485 Application filed by Plaintiff is unlawful because he was paroled into the United States and is the immediate relative of a U.S. Citizen when he filed his I-485 Application, as such he is immediately eligible to adjust and not subject to visa restrictions.

35.     Defendants owe Plaintiff a duty to act upon his I-485 Application in a lawful manner and have unreasonably failed to perform that duty.

36. Plaintiff has exhausted all administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' unlawful decision.

## Count II

### (Invalidation of Plaintiff's I-94 Card is Unlawful)

37. Plaintiff incorporates by reference all prior paragraphs, as though fully set forth herein.

38. Plaintiff has the right to review of the agency decision under 28 U.S.C. §1331 and 5 U.S.C. §702.

39. The decision of USCIS to declare invalid the I-94 Card, No. 78049243433, issued by CBP to Plaintiff violates 8 U.S.C. §1255(a), 8 U.S.C. §1184(b), and the Due Process Clause of the U.S. Constitution.

40. The decision of USCIS to declare invalid the I-94 Card, No. 78049243433, issued by ICE to Plaintiff violates 8 C.F.R. § 103.5(a)(5).

41. The decision of USCIS to declare invalid the I-94 Card (Number issued 78049243433) violates 8 U.S.C. §1255(a), 8 U.S.C. §1184(b), and the Due Process Clause of the U.S. Constitution. USCIS declared the I-94 invalid by failing to recognize it as a valid entry document in their denial of Plaintiff's adjustment application.

42. Defendants owe Plaintiff a duty to act in a lawful manner when making determinations under the INA and have unreasonably failed to perform that duty.

43. Plaintiff has exhausted all administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' unlawful decision.

### IX.   REQUEST FOR ORAL ARGUMENT

44. Plaintiff respectfully requests oral argument on this Action.

8

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Accept jurisdiction and review Defendants' decision to deny the I-485 Application filed by Plaintiff;

2. Accept jurisdiction and review Defendants' decision to invalidate the I-94 Card issued by CBP for Plaintiff to hold Deferred Action status;

3. Declare that Defendants' decision to deny the I-485 Application and invalidate the I-94 Cards issued to Plaintiff is unlawful, a violation of the INA and the relevant regulations and agency Precedent Decisions, and a violation of the U.S. Constitution;

4. Order that Defendants shall be enjoined from denying the I-485 Application filed by Plaintiff because of a failure to be admitted or paroled into the United States;

5. Order that Defendants immediately recognize the validity of the I-94 Card;

6. Order Defendants to adjudicate Plaintiff's I-485 Application consistent with the law;

7. Declare that the agency action in this case was "arbitrary and capricious" thus violating the APA;

8. Declare unlawful and set aside the Defendants actions, findings, and conclusions against Plaintiff, in accordance with this decision under 5 U.S.C. §702;

9. Grant reasonable attorneys' fees and costs as provided under the Equal Access to Justice Act and the APA.

10. Grant such further relief as this court deems reasonable and appropriate.

Dated: March 2, 2020               Respectfully submitted,
Tucson, AZ                         By: */s/ Siovhan Sheridan Ayala*

Siovhan Sheridan Ayala (AZ # 029415)
AYALA LAW OFFICE, PC
PO Box 18986, Tucson, Arizona 85731
Tel.: (520) 202-0391 Fax: (520) 202-0392
Email: siovhansheridan@gmail.com

### **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Plaintiff because I am one of Plaintiff's attorneys. I have discussed with the Plaintiff's legal team the events described in this Action. On the basis of those discussions, on information and belief, I hereby verify that the factual statements made in the attached Complaint for Declaratory and Injunctive Relief and review of Agency Action under the APA are true and correct to the best of my knowledge.

Dated: Tucson, AZ
March 2, 2020

By: */s/ Siovhan Sheridan Ayala*
Siovhan Sheridan Ayala (AZ # 029415)
COUNSEL FOR PETITIONER